So Ordered.

Signed this 29 day of September, 2025.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

JEAN MICHEL LETENNIER,

                                   Debtor.

Chapter 13
Case No. 25-60387-6-pgr

_____

APPEARANCES:

| | |
|---|---|
| JEAN MICHEL LETENNIER<br>*Debtor* | JEAN MICHEL LETENNIER |
| HINSHAW & CULBERTSON LLP<br>*Attorneys for Deutsche Bank National Trust Company, as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3*<br>800 Third Avenue, 13th Floor<br>New York, New York 10022 | ELLIS M. OSTER, SR., ESQ. |

1

MARK W. SWIMELAR-TRUSTEE      EDWARD J. FINTEL, ESQ.
*Standing Chapter 13 Trustee*
250 South Clinton Street, Suite 203
Syracuse, NY 13202

## DECISION AND ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY AND DENYING MOTION TO DISQUALIFY COUNSEL

1. Jean Michel LeTennier, Sr. ("Debtor") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (Doc. No. 1) on May 6, 2025.

2. This was the Debtor's third filing in three years. *See* 22-60391-6-wak & 23-60531-6-pgr. Debtor's most recent case (No. 23-60531-6-pgr) was dismissed on May 23, 2024.

3. On July 28, 2025, Debtor filed a Motion to Extend the Automatic Stay (Doc. No. 45). He argues that the stay is necessary to prevent harm to his chapter 13 reorganization and argues that Deutsche Bank National Trust Company, as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3 ("Deutsche Bank") is acting in bad faith.

4. On July 30, 2025, Debtor filed a Motion to Disqualify Counsel for Deutsche Bank. (Doc. No. 49).

5. Debtor argues that Deutsche Bank does not exist, and that Hinshaw & Culbertson LLP ("Counsel for Deutsche Bank") does not have authority to represent Deutsche Bank.

6. Deutsche Bank opposed both motions. (Doc. No. 66).

2

7. Deutsche Bank argues that the property upon which it foreclosed is not property of the estate by virtue of a pre-petition foreclosure sale. Alternatively, Deutsch Bank argues that the stay expired 30 days after the petition date and should not be extended.

8. Deutsche Bank also asks this Court to enjoin the Debtor from filing further documents without the Court's permission.

9. The Court held a hearing to consider the motions on September 23, 2025.

10. Debtor appeared on his own behalf. Attorney Oster appeared on behalf of the Deutsche Bank. Attorney Fintel appeared for the Trustee.

11. During the September 23, 2025 hearing, this Court heard oral argument and reserved decision on both motions.

12. For the reasons outlined below, the Motion to Extend the Automatic Stay and the Motion to Disqualify Counsel for Deutsche Bank are denied.

## Motion to Extend Stay

13. Section 362(c)(3)(A) of the Bankruptcy Code states that:

   > if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

14. Debtor's prior chapter 13 was dismissed on May 23, 2024. This chapter 13 case was filed on May 6, 2025, within 1-year of Debtor's prior case being dismissed.

3

As such, the automatic stay was in effect for only 30 days, pursuant to 11 U.S.C. § 362(c)(3)(A).

15. The stay may be extended beyond the 30-day period "on the motion of a party in interest . . . after notice and a hearing **completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B) (emphasis added).

16. A hearing on the motion for a stay extension, if held by the court, must be completed within the 30-day period following the filing of the petition. 3 *Collier on Bankruptcy P* 362.06.

17. "Section 362(c)(3)(B) does not provide the Court with any authority to extend the stay after it is terminated under § 362(c)(3)(A) if a hearing is not conducted before the expiration of the stay." *In re Epting*, 652 B.R. 134, 137 (Bankr. D.S.C. 2023); *see also In re Morgan*, No. 25-30792, 2025 WL 1742435, at *1 (Bankr. N.D. Ohio June 23, 2025) ("Based on the plain statutory language of § 362(c)(3)(B), one prerequisite to extending the automatic stay is that a hearing on the motion to extend the stay must be held before the stay terminates at the end of the 30-day period.").

18. Debtor's petition was filed on May 6, 2025, and the stay expired on June 5, 2025. Debtor's Motion to Extend the Automatic Stay was not filed until July 28, 2025, well after the 30-day period ended.

4

19. As the Motion to Extend the Automatic Stay was filed after the 30-day period ended, this Court has no statutory authority to extend the automatic stay and Debtor's motion is therefore denied.

20. The Court notes that there exists "a split of authority regarding the scope of the stay termination under § 362(c)(3)(A)." *Morgan*, 2025 WL 1742435, at *3.

21. While this Court has not decided the issue, "the majority of courts interpret the provision to mean that the automatic stay terminates only with respect to the debtor and the debtor's property, while the automatic stay remains in effect as to property of the estate." *Id.*

22. Other courts have held that the automatic stay ends in its entirety, including against property of the estate. *Id.*; *see also In re Bender*, 562 B.R. 578, 583 (Bankr. E.D.N.Y. 2016) (discussing the majority view that stay remains as to property of the estate and the minority view that stay terminates as to debtor and property of the estate--but taking a different, unique approach and terminating the stay only if the property was the subject of a judicial, administrative, or other formal proceeding commenced prepetition).

23. This Court has not been asked to, and will not, decide the precise scope of the stay, if any, that remains in effect in this case.

24. In his Motion to Extend the Automatic Stay, Debtor has asked the Court to extend the automatic stay to Deutsche Bank and property located at 1580 State Highway 357, Unadilla, N.Y. ("Property") (Doc. No. 45)

25. However, a foreclosure sale of the Property was held on August 20, 2024, and Deutsche Bank was the highest bidder. (Doc. No. 66, ¶ 3 & Ex. A.)

26. As the foreclosure sale transferred the Property to Deutsche Bank prior to Debtor filing this case, the Property never became property of this bankruptcy estate. *In re Cook*, 481 B.R. 265, 267 (Bankr. N.D.N.Y. 2012), *aff'd sub nom. Cook v. Huey*, 506 B.R. 174 (N.D.N.Y. 2013) (holding that property sold at a prepetition foreclosure sale does not become property of the estate and is not under the protection of the automatic stay); *see also In re Cerrato*, 504 B.R. 23, 30 (Bankr. E.D.N.Y. 2014) ("[T]he foreclosed property sold at a public sale is no longer property of the estate for purposes of Section 541."); *In re Cretella*, 42 B.R. 526, 530 (Bankr. E.D.N.Y. 1984) ("[U]nder New York law, the purchaser of property at a real estate foreclosure sale conducted before the filing of the petition in bankruptcy divested the debtor of any interest in the property. . . . Absent an interest in the property, it cannot be regarded as property of his estate within the meaning of 11 U.S.C. § 541 [which defines property of the estate].").

27. Even if the stay remains in effect as to property of the estate generally, the automatic stay did not and does not apply to the Property located at 1580 State Highway 357 because the Property was not property of the estate at the time the case was filed and continues to not be property of the estate.

28. To the extent Debtor challenges the validity of the Foreclosure Sale, those issues are not properly before this Court on the present motions.

## Motion to Disqualify

29. As to Debtor's Motion to Disqualify, Debtor argues that Deutsche Bank does not exist and is not capable of being represented by counsel.

30. This Court has already addressed similar arguments made by Debtor in his prior chapter 13 case. *See In re Letennier*, No. 23-60531-6-PGR, 2024 WL 1596883, at *7 (Bankr. N.D.N.Y. Apr. 11, 2024).

31. Deutsche Bank obtained a Judgement of Foreclosure against the Debtor on February 2, 2022 from the New York Supreme Court, County of Delaware. *See In re LeTennier*, 23-60531-6-pgr, Doc. No. 69, Ex. E. Deutsche Bank also holds a Referee's Deed to the Property. (Doc. No. 66-2, Ex. A).

32. Moreover, the New York Supreme Court Appellate Division, Third Department, affirmed Deutsche Bank's standing to bring the foreclosure, which Debtor had challenged. *Deutsche Bank Nat'l Tr. Co. v. LeTennier*, 189 A.D.3d 2022, 2024, 139 N.Y.S.3d 673 (2020) (finding that Deutsche Bank was "the lawful holder of the note and authorized to enforce it" against Debtor).

33. For purposes of this bankruptcy case, these state court judgments are determinative as to Deutsche Bank's existence and entitlement to the Property.

34. "Second Circuit law is clear that a federal court, other than the Supreme Court, may not review a state court judgment even when the federal court litigant argues that the state court judgment is void." *In re Buckskin Realty Inc.*, No. 1-13-40083-NHL, 2016 WL 5360750, at *4 (Bankr. E.D.N.Y. Sept. 23, 2016).

35. As the Court already held in the Debtor's prior case, "[t]his Court is unable to reconsider or review Deutsche Bank's standing to bring the foreclosure action, the validity of the underlying documents it used to obtain the Foreclosure Judgment, or whether Deutsche Bank made misrepresentations to the state court." *In re Letennier*, No. 23-60531-6-PGR, 2024 WL 1596883, at *7 (Bankr. N.D.N.Y. Apr. 11, 2024).

36. Bankruptcy Rule 9010(b) requires that "[a]n attorney appearing for a party in a case . . . file a notice of appearance containing the attorney's name, office address, and telephone number--unless the appearance is already noted in the record." Fed. R. Bankr. P. 9010.

37. The Notice of Appearance filed by Counsel for Deutsche Bank complies with Federal Rule of Bankruptcy Procedure 9010(b). (Doc. No. 42).

38. Debtor's Motion to Disqualify is denied.

**Deutsche Bank's Request that the Court Enjoin Debtor from Filing Documents**

39. In its opposition, Deutsche Bank's requested that the Court enjoin Debtor from filing documents in this case.

40. "A federal court has well-recognized authority to restrict the activity of abusive litigants." *In re Truong*, No. 09-11047, 2009 WL 2929261, at *7 (Bankr. S.D.N.Y. Sept. 3, 2009). However, "[d]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *60 East 80th Street Equities, Inc. v. Sapir* (*In re 60 E. 80th St. Equities, Inc.*), 218 F.3d 109, 117 (2d Cir. 2000) (emphasis in original).

41. Out of an abundance of caution and out of concern and respect for Debtor's right to due process, Deutsche Bank's request to enjoin the Debtor from filing documents, which was made in pleadings opposing motions by the Debtor – and not in a standalone motion on notice to the Debtor, who is representing himself without counsel in this case – is denied without prejudice.

For the reasons stated above, Debtor's Motion to Extend the Automatic Stay (Doc. No. 45) and Motion to Disqualify Counsel for Deutsche Bank (Doc. No. 49) are DENIED. The Clerk of Court is requested to transmit a copy of this Order to the Debtor by first class mail, postage prepaid.

###